**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DOUG A. HUEBNER,**

    **Plaintiff,**

v.                                   **Case No.  8:11-CV-00872-T-17AEP**

**MICHAEL J. ASTRUE,**
**Commissioner of the United States**
**Social Security Administration,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Doug A. Huebner, the Plaintiff in this case, seeks judicial review of the denial of his claim for a period of disability, Disability Insurance Benefits, and Supplement Security Income. Because the Commissioner of Social Security's decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

**I.**

**1.**      **Procedural Background**

The Plaintiff filed an application for a period of disability and disability insurance benefits on October 24, 2006, and for Supplemental Security Income ("SSI") on December 3, 2007 (Tr. 38-39, 50-58).  On March 12, 2009, Administrative Law Judge Robert Spurlin (the "ALJ") issued a decision (the "Decision") denying the Plaintiff's application for disability insurance benefits, but finding the Plaintiff disabled as of December 3, 2007, the date of his application for SSI (Tr. 14-18).  The Appeals Council denied the Plaintiff's request for review

of this Decision (Tr. 4-6). The Plaintiff has exhausted his administrative remedies and has timely filed a civil action in this Court. This case is ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### 2.     Factual Background and the ALJ's Decision

The Plaintiff was fifty-nine (59) years old at the time of the ALJ's Decision and fifty-three (53) years old when his disability insured status expired on September 30, 2003 (Tr. 18, 38). He has a high school education, having completed college, and past work as an engineering technician and quality senior engineer (Tr. 125, 129). The Plaintiff alleged that he became unable to work on May 24, 2002, because of migraines and pain in his back, right arm, right hand, and right shoulder (Tr. 125).

In his Decision, the ALJ found that the Plaintiff had presented minimal medical evidence to support his allegations of disability prior to his date last insured of September 30, 2003 (Tr. 14). The ALJ further found that the Plaintiff had not established any severe impairment prior to his date last insured (Tr. 14-15). Accordingly, the ALJ denied the Plaintiff's application for disability insurance benefits under Title II of the Social Security Act (Tr. 14-15).

With respect to the Plaintiff's December 3, 2007 SSI application under Title XVI of the Social Security Act , the ALJ found that the Plaintiff's impairments met the criteria of Listing 1.04A in the Listed Impairments at 20 C.F.R. Pt. 404, Subpt. P., Appx. 1 (2011) (Tr. 16-18). Accordingly, the ALJ found that the Plaintiff was disabled beginning December 3, 2007, the date of his application for SSI (Tr. 18).

## II.

In order to be entitled to SSI, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id*. § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See id*. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*), *cert. denied*, 544 U.S. 1035 (2005). The Commissioner must apply the correct law and demonstrate that he has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human*

*Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994), *citing Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971).[1] Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. *Celebrezze v. O'Brient*, 323 F.2d 989 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. *Miles*, 84 F.3d at 1400; *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

Thus, the scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

## III.

The Plaintiff challenges the ALJ's Decision on three grounds:

(1) the finding, in connection with the Plaintiff's Title II application, that there was insufficient evidence of any legally severe impairment prior to the expiration of his insured status lacks the support of substantial evidence;

(2) because the ALJ had constructively reopened the Plaintiff's prior disability application under Title XVI, he should not have found him disabled only as of his present application date; and

(3) the ALJ erred in finding, in connection with his Title XVI application, that the Plaintiff's pulmonary conditions do not meet or equal the criteria of Listing 3.03B.

For the reasons discussed below, the Court finds that the ALJ's Decision was based on substantial evidence and comported with applicable legal standards.

**1. Whether the ALJ erred in finding that there was insufficient evidence of a severe impairment prior to the expiration of his insured status**

The Plaintiff first challenges the ALJ's finding that, from May 24, 2002 to September 30, 2003 (the Plaintiff's date of last insured), there was no evidence to demonstrate that the Plaintiff suffered from a severe impairment. The Plaintiff filed prior applications for Title II benefits on October 31, 2001. Those claims were denied at the hearing level in a decision dated May 23, 2002. Thus, in the current case, the ALJ addressed only the period of time between the last decision, May 24, 2002, and the Plaintiff's date of last insured, September 30, 2003, for the

5

purposes of determining eligibility for Title II benefits. (Tr. 23.) In his Decision, the ALJ found that the Plaintiff's record "contains minimal medical evidence prior to his date last insure of September 30, 2003." (Tr. 23.) Further, the Plaintiff "has not provided any additional evidence to support his allegations of disability as of May 24, 2002." (Tr. 23.) The Plaintiff asserts that "the record contains an abundance of medical evidence prior to September 30, 2003." (Dkt. No. 14 at 14.) The Plaintiff directs the Court to the treatment records of Dr. Noor S. Bunney and Dr. Myron LaBan, who saw the Plaintiff a number of times during the period from May 24, 2002 to September 30, 2003.

At step two, the ALJ must determine whether the claimant has a severe impairment. *See* 20 C.F.R. § 404.1520(a)(4)(ii). By its own terms, the evaluation at step two is a *de minimis* test intended to weed out the most minor of impairments. *See Bowen v. Yuckert*, 482 U.S. 137, 153-154 (1987); *Augusto v. Comm'r of Soc. Sec.*, Case No. 6:06-cv-1889-Orl-DAB, 2008 WL 186541 at *5 (M.D. Fla. Jan. 18, 2008) ("The 'severe' impairment threshold of *step two* is a *de minimis* hurdle ... employed as an administrative convenience to screen out claims that are 'totally groundless' solely from a medical standpoint.") (quotations and citations omitted). Nevertheless, "[i]f you do not have any impairment or combination of impairments *which significantly limits your physical or mental ability to do basic work activities*, we will find that you do not have a severe impairment and are, therefore, not disabled." 20 C.F.R. § 404.1520(c) (emphasis added). The Plaintiff does indeed identify a number of treatment records during the relevant time period. However, these records do not identify impairments that significantly limit the Plaintiff's physical or mental ability to do basic work activities, "which can be expected to result in death or which

6

[have] lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a).

Within the identified records, Dr. Bunney and Dr. LaBan identify a number of ailments, such as bronchitis, pneumonia, a possible sinus infection, fever, sore throat, and joint pain. However, the reported severity of these identified impairments is minimal, and many of these records also present largely normal findings. The Plaintiff cites to a report that he suffered from a fever "for a full year, about which he was quite concerned, in addition to finding it hard to swallow (Tr. 405)." (Dkt. No. 14 at 3.) However, in another medical report from June 2002, the Plaintiff states that "he has a 'fever' in the right side of his neck," indicating that he may be unaware as to what symptoms are indicative of a fever. (Tr. 451.) The Plaintiff cites to a November 2002 deposition, in which Dr. Bunney testified that the Plaintiff suffered from neck pain, right arm and hand numbness, sinus infections, bronchitis, pneumonia, scoliosis, multiple disc disease, and arthritis of the lower back. (Tr. 176.) Since much of the deposition referred to the Plaintiff's 1997 car accident, it is unclear whether these diagnoses cover the relevant time period. However, even if they did, the Eleventh Circuit has consistently found that a diagnosis alone is insufficient to support a finding of disability. *See Moore v. Barnhart*, 405 F.3d 1208 (11th Cir.2005); *see also McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir.1986). Lastly, the Plaintiff cites to a December 2002 deposition, in which Dr. LaBan testified that the Plaintiff was "totally disabled" since his accident in 1997. Again, while there is ambiguity as to whether Dr. LaBan's opinion would cover the relevant time period, the Social Security Administration already issued a final decision finding the Plaintiff not disabled for the time period covering the 1997

accident.  Further, even if it was clear that Dr. LaBan was referring to the relevant time period, from March 24, 2002 to September 30, 2003, the ALJ is not required to afford opinions on the issue of disability or inability to work any weight.  *See* 20 C.F.R. § 404.1527(d)(1) ("We are responsible for making the determination or decision about whether you meet the statutory definition of disability. ... A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."); 20 C.F.R. § 404.1527(d)(3) ("We will not give any special significance to the source of an opinion on issues reserved to the Commissioner described in paragraphs (d)(1) and (d)(2) of this section."); *see also* SSR 96-5p (whether an individual is disabled is a question reserved to the Commissioner; treating source opinions on such questions are "never entitled to controlling weight or special significance").  The most significant indication that the ALJ's Decision is based on substantial evidence is the lack of objective medical evidence documenting functional impairments that would demonstrate that the Plaintiff was unable to work during the relevant period.  Thus, the Plaintiff's first argument is without merit.

      **2.**     **Whether the ALJ should have found the Plaintiff disabled under Title XVI prior to his present application date**

Next, the Plaintiff argues that the ALJ erred in failing to find the Plaintiff disabled under his Title XVI application from October 7, 2004, which, like the current application, alleged a disability onset date of May 24, 2002.  The October 7, 2004 application was denied initially on March 10, 2005, and again on reconsideration on October 10, 2005.  The present application for Title XVI benefits was filed on December 3, 2007, but alleged the same May 24, 2002 onset date

as the October 7, 2004 application. (Tr. 23, 50-58.) The Plaintiff claims that, by filing a subsequent application for Title XVI benefits, he made an implicit request to reopen the prior application, which the ALJ implicitly granted in his Decision by finding the Plaintiff disabled in the most recent Title XVI application. (Dkt. No. 14 at 16-17.)

For Title XVI benefits, the Social Security regulations state very clearly that "the earliest month for which we can pay you benefits is the month following the month you filed the application. If you file an application after the month you first meet all the other requirements for eligibility, we cannot pay you for the month in which your application is filed or any months before that month." 20 C.F.R. § 416.335. In addition, federal courts generally do not have subject matter jurisdiction to review an ALJ's decision not to reopen a prior administrative decision, absent a colorable constitutional challenge. *See* 42 U.S.C. § 405(g); *Califano v. Sanders*, 430 U.S. 99, 107-109 (1977); *Wolfe v. Chater*, 86 F.3d 1072, 1078-79 (11th Cir. 1996). However, the Eleventh Circuit has held that courts have jurisdiction over an ALJ's decision not to reopen a prior decision where there has been a *de facto* reopening of the previous decision. *Cherry v. Heckler*, 760 F. 2d 1186, 1189 (11th Cir. 1985). A *de facto* reopening occurs when a previous administrative decision is "reconsidered on the merits to any extent and at any administrative level." *Id*. at 1189.

The Plaintiff acknowledges that the ALJ "never overtly decided [the Plaintiff's] implicit request that his second application be reopened. His written decision contains no finding regarding the reopening of the prior application, and he never even addressed the issue of the reopening of the prior application in the course of the administrative hearing." (Dkt. No. 14 at

9

17.) However, since the ALJ evaluated the Plaintiff's disability from the same May 24, 2002 alleged onset date as was claimed in the October 7, 2004 application, the analysis of the earlier medical evidence, the Plaintiff asserts, constituted a *de facto* reopening and reconsideration of the Commissioner's decision on the prior application. (Dkt. No. 14 at 17.) While it is clear that the ALJ evaluated evidence from a period overlapping the Plaintiff's previous application for Title XVI benefits, the Court finds that the ALJ did not reconsider the Plaintiff's disability for the prior period, but rather used that evidence in support of his finding that the Plaintiff was disabled as of December 2007. *See Brown v. Sullivan*, 921 F.2d 1233, 1237 (11th Cir. 1991) ("If the Secretary merely considers newly proffered evidence without reconsidering the merits of the previously denied application, then he has not reopened that application."). In his Decision, the ALJ refers to evidence from 2002 to 2007 in broad terms, stating that "the relevant medical evidence established that the claimant suffers from a long history of chronic complicated disorders of the spine." However, nowhere in his Decision does the ALJ conduct an analysis of this evidence that would suggest that the Plaintiff was disabled from March 24, 2002 to December 3, 2007. *See id.* ("Although the Appeals Council and the ALJ commented on [the plaintiff's] condition prior to March 1, 1981, while considering her second application, they did so while considering newly proffered evidence, and these statements did not amount to a reconsideration of the merits of the denied first application."). Instead, the majority of the ALJ's disability analysis focuses on newly proffered medical imaging reports from 2007 through 2009, which were produced several years after the October 2004 application. Since the Court finds that the

ALJ did not reexamine the merits of the Plaintiff's prior application, and thus did not engage in a *de facto* reopening of that application, the Plaintiff's second argument is improper.

### 3. Whether the ALJ erred in finding that the Plaintiff's pulmonary conditions did not meet or equal the criteria of Listing 3.03B

Lastly, the Plaintiff argues that the ALJ erred in finding that the Plaintiff's "asthma" did not meet or equal the criteria of Listing 3.03B. If a claimant has an impairment that is listed in or equal to an impairment listed in Appendix 1, Subpart P, following 20 C.F.R. § 404.1599, then a finding of disability will be made at step three of the ALJ's analysis without considering the claimant's age, education, and work experience. 20 C.F.R. § 404.1520(d). "The Secretary explicitly has set the medical criteria defining the listed impairments at a higher level of severity than the statutory standard. The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing any gainful activity, not just 'substantial gainful activity.'" *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990). A claimant is entitled to benefits if it is shown that his or her limitations meet, or are medically or functionally equal to, the limitations set forth in the Listing. *Shinn ex rel. Shinn v. Commissioner*, 391 F.3d 1276, 1282 (11th Cir. 2004). The claimant has the burden of proving that his impairments meet or equal a listed impairment by presentation of specific evidence of medical signs, symptoms, or laboratory test results meeting all of the specified medical criteria. *Sullivan v. Zebley*, 493 U.S. at 530. "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Id*.

11

> Listing 3.03B includes "Asthma," with:
>
> B. Attacks (as defined in 3.00C), in spite of prescribed treatment and requiring physician intervention, occurring at least once every 2 months or at least six times a year. Each in-patient hospitalization for longer than 24 hours for control of asthma counts as two attacks, and an evaluation period of at least 12 consecutive months must be used to determine the frequency of attacks.

20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 3.03B.  Further, "Asthma" is defined in Listing 3.00C as:

> C. Episodic respiratory disease. When a respiratory impairment is episodic in nature, as can occur with exacerbations of asthma, cystic fibrosis, bronchiectasis, or chronic asthmatic bronchitis, the frequency and intensity of episodes that occur despite prescribed treatment are often the major criteria for determining the level of impairment. Documentation for these exacerbations should include available hospital, emergency facility and/or physician records indicating the dates of treatment; clinical and laboratory findings on presentation, such as the results of spirometry and arterial blood gas studies (ABGS); the treatment administered; the time period required for treatment; and the clinical response. Attacks of asthma, episodes of bronchitis or pneumonia or hemoptysis (more than blood-streaked sputum), or respiratory failure as referred to in paragraph B of 3.03, 3.04, and 3.07, are defined as prolonged symptomatic episodes lasting one or more days and requiring intensive treatment, such as intravenous bronchodilator or antibiotic administration or prolonged inhalational bronchodilator therapy in a hospital, emergency room or equivalent setting. Hospital admissions are defined as inpatient hospitalizations for longer than 24 hours. The medical evidence must also include information documenting adherence to a prescribed regimen of treatment as well as a description of physical signs. For asthma, the medical evidence should include spirometric results obtained between attacks that document the presence of baseline airflow obstruction.

20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 3.03B.  In his Decision, the ALJ relied on the testimony of an impartial medical expert, Dr. John Griscom, in concluding that the Plaintiff did not meet Listing 3.03B.  At the Hearing, Dr. Griscom testified that he did not believe that the

Plaintiff met or equaled Listing 3.03B because he didn't "see [the asthma] as a continuing problem particularly mentioned in the last several years." (Tr. 791.) Further, Dr. Griscom testified that he knew the Plaintiff "went in to see the doctor frequently as far as that goes, but it didn't seem to be a steroid situation." (Tr. 791.) The ALJ accepted the opinion of Dr. Griscom, "since it is supported and documented by the evidence in the record." (Tr. 26.)

The Plaintiff challenges the ALJ's analysis on the basis that the medical evidence on record documents a long history of pulmonary problems consistent with Listing 3.03B. Specifically, from 2002 to 2005, the Plaintiff presented to Dr. Bunney on over fifty occasions with complaints of coughing, shortness of breath, chest pain, and fatigue. Indeed, the Plaintiff has had a long history of asthmatic symptoms and the ALJ acknowledged these impairments in step two of his analysis. However, the Plaintiff has not directed the Court to evidence on record documenting the requisite number of asthma attacks to satisfy Listing 3.03B. Thus, the ALJ's reliance on Dr. Griscom's opinion was justified, and his finding that the Plaintiff's impairments did not meet Listing 3.03B was based on substantial evidence.

However, even if the Court had found that the ALJ erred, any such error was harmless. With respect to the Plaintiff's Title XVI application, the ALJ found that the Plaintiff's impairments met the criteria of Listing 1.04A and that the Plaintiff was disabled as of December 3, 2007 (Tr. 16-18). Accordingly, even if the Plaintiff's impairments met or equaled Listing 3.03B as well, the ALJ's ultimate decision would not have changed, and the Plaintiff's argument provides no basis for remand. *See Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No

principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result.").

### IV.

Accordingly, for the foregoing reasons, it is **RECOMMENDED** that:

(1)     The decision of the Commissioner be **AFFIRMED**; and

(2)     The Clerk of Court be directed to enter final judgment in favor of the Commissioner and close the case.

**IT IS SO REPORTED** in Tampa, Florida, on this 20th day of August, 2012.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

### NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

Copies furnished to:

Hon. Elizabeth A. Kovachevich

Counsel of Record